United States District Court
Southern District of Texas
**ENTERED**
July 15, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LACY SCARBOROUGH, | § | |
| *Plaintiff*, | § | |
| | § | Case No. 4:23-cv-01519 |
| v. | § | |
| | § | CONSOLIDATED WITH |
| ROTOCRAFT LEASING | § | Case No. 4:23-cv-02851 |
| COMPANY, LLC, | § | Case No. 4:23-cv-04183 |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

This is a suit for wrongful death. Currently pending before the Court are Defendant Rotocraft Leasing Company, LLC ("RLC")'s two motions to strike, ECF Nos. 30, 31.[1] The primary question before the Court is whether Plaintiffs should be permitted to assert punitive damages in their complaints. Having reviewed the pleadings, the briefing,[2] and the applicable law, the Court concludes that RLC has not met its burden, and the motions to strike, ECF Nos. 30, 31, are denied.

---

[1] The district judge to whom this case is assigned referred the case to this Court pursuant to 28 U.S.C. § 636(b)(1). Order, ECF No. 27. A motion to strike is non-dispositive and appropriate for resolution through issuance of an order. *See* 28 U.S.C. § 636(b)(1)(A); *Morehouse v. Ameriquest Mortgage Co.*, No. 9:05-CV-75, 2005 WL 8160875, at *1 n.1 (E.D. Tex. July 14, 2005); *Berry v. Citi Credit Bureau*, No. 2:18-CV-02654-SHL-DKV, 2020 WL 4596774, at *3 (W.D. Tenn. Aug. 11, 2020) (collecting cases); *cf. Coulter v. Deere & Co.*, No. 4:21-CV-2105, 2022 WL 3212999, at *9 (S.D. Tex. Aug. 9, 2022) ("The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." (quotation omitted)).

[2] The *Bankston* Plaintiffs filed a response, ECF No. 32, as did the *Scarborough-Graham* Plaintiffs, ECF No. 33.

## Background

On December 29, 2022, an RLC owned and operated helicopter crashed into an offshore platform located on the Outer Continental Shelf in the Gulf of Mexico. Compl., ECF No. 1 ¶ 6. The accident resulted in the deaths of the pilot and three passengers. *Id.* The decedent passengers' estates and heirs filed suit against RLC for negligence and wrongful death. *Id.* ¶¶ 12-19, 21-38.[3]

In their amended complaint, Plaintiffs allege "that the crash was caused by the negligence and/or gross negligence and/or wanton and reckless behavior and/or malice of the Defendant, RLC." First Am. Compl., ECF No. 26 ¶ 13.[4] Plaintiffs allege that RLC's pilot "[o]perat[ed] the helicopter in an impaired and intoxicated state," among other pilot errors. *Id.* ¶ 15. Plaintiffs contend the pilot's actions occurred "in the course and scope of his employment." *Id.* ¶ 13. Plaintiffs also allege that RLC was grossly negligent by allowing its pilot "to operate its helicopter while he was in an impaired and intoxicated state," and that RLC "[c]ontributed to or might have prevented the pilot from piloting the helicopter in an impaired or intoxicated state." *Id.* ¶ 13. Based on these allegations, Plaintiffs assert claims for punitive

---

[3] The Court previously consolidated this case with related cases *Wendy Graham, et al. v. Rotocraft Leasing Company, LLC*, 4:23-cv-02851, and *Bridget Bankston, et al. v. Rotocraft Leasing Company, LLC*, 4:23-cv-04183, which arise from the same fatal accident, *see* Orders, ECF Nos. 18, 28.

[4] All references are to the Scarborough complaint, but the *Bankston* Plaintiffs' factual allegations and claims for punitive damages are substantially identical. *See Bankston*, 4:23-cv-04183, First Am. Compl., ECF No. 39 ¶¶ 14, 35-40.

damages. *Id.* ¶¶ 33-37, 52-57.

RLC now seeks to strike those allegations, arguing that punitive damages for vicariously liable employers are unavailable under Louisiana law. ECF Nos. 30, 31.

## Analysis

**A.     The Standards for a Rule 12(f) Motion to Strike.**

A court may, either by motion or *sua sponte*, "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Motions to strike are generally disfavored, both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant as a dilatory tactic." *Washington v. Pac. Summit Energy LLC*, No. 4:20-CV-290, 2021 WL 229653, at *1 (S.D. Tex. Jan. 21, 2021) (cleaned up). "The granting of a motion to strike is within the discretion of the court." *Chicca v. St. Luke's Episcopal Health Sys.*, No. CIV.A. H-10-2990, 2012 WL 651776, at *1 (S.D. Tex. Feb. 27, 2012); *accord In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979).

"There are two requirements for a successful motion to strike under Rule 12(f)." *Idar v. Cooper Tire & Rubber Co.*, No. C-10-217, 2010 WL 3702579, at *3 (S.D. Tex. Sept. 15, 2010). "First, a matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." *Id.* (cleaned up); *accord United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012). "Second, a matter can only be stricken under Rule 12(f) if there is a

showing of prejudice." *Idar*, 2010 WL 3702579, at *3; *accord Chicca*, 2012 WL 651776, at *1 (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cty.*, 306 F.2d 862, 868 (5th Cir. 1962)). "Conclusory statements about unfair prejudice are not enough to justify a motion to strike; a stronger showing is required under Rule 12(f)." *Washington*, 2021 WL 229653, at *1 (cleaned up) (quoting *Landmark Graphics Corp. v. Paradigm Geophysical Corp.*, No. CIV.A. H-05-2618, 2007 WL 189333, at *1 (S.D. Tex. Jan. 22, 2007)).

However, "Rule 12(f) is not an appropriate vehicle for disposing of an entire claim for relief." *Merrell v. 1st Lake Properties, Inc.*, No. CV 23-1450, 2024 WL 640013, at *7 (E.D. La. Feb. 15, 2024); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 976 (9th Cir. 2010) (concluding Rule 12(f) "does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a matter of law"). Courts should be wary of Rule 12(f) motions to strike that effectively seek to eliminate certain claims or categories of damages, which are "actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion." *Whittlestone*, 618 F.3d at 974.

**B.     RLC Fails to Address Prejudice, and Thus Cannot Satisfy the Rule 12(f) Two-Part Test.**

RLC asks the Court to strike all "claims and allegations related to punitive damages" from the Plaintiffs' complaints as "immaterial and impertinent under Rule 12(f)." ECF Nos. 30 at 2; 31 at 2. RLC argues that under Louisiana law, punitive

4

damages are only available in limited situations, such as where a defendant operates a vehicle while intoxicated. ECF No. 30 at 4 (citing LA. CIV. CODE art. 2315.4).[5] However, because that law "is targeted at 'only the intoxicated driver,'" *id.* (quoting *Berg v. Zummo*, 786 So. 2d 708, 717 (La. 2001)), federal courts in Louisiana have subsequently refused to find employers vicariously liable for punitive damages, *id.* at 5 (citing *Jones v. Travelers Indem. Co.*, No. 6:18-CV-00946, 2021 WL 54128, at *3 (W.D. La. Jan. 6, 2021)). As the helicopter pilot is not a defendant, RLC insists that "all references to punitive damages" must be stricken from the pleadings. *Id.*

Even without considering Plaintiffs' responses,[6] RLC fails to meet the two-part test for a Rule 12(f) motion to strike. Assuming *arguendo* that punitive damages

---

[5] That law authorizes "exemplary damages" in personal injury actions where "a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries." LA. CIV. CODE art. 2315.4.

[6] In response, the *Bankston* Plaintiffs do not question the propriety of the motion to strike. Instead, Plaintiffs attempt to incorporate by reference arguments previously made in this case. ECF No. 32 at 3 (citing ECF No. 22). Plaintiffs do not attach the filing as an exhibit, and no authority is provided that would permit such an incorporation of other matters on the docket. *Cf.* FED. R. CIV. P. 10(c) (allowing incorporation by reference for statements in a pleading). *But see Black Cat Expl. & Prod., LLC v. MWW Capital Ltd.*, No. 1:15-CV-51-BL, 2015 WL 12731751, at *3 (N.D. Tex. Apr. 29, 2015) (ordering party to refile brief incorporating prior arguments as improper attempt to circumvent page limits). Plaintiffs then cursorily raise several other arguments without citing any relevant authority. ECF No. 32 at 4. Plaintiffs finally ask the Court to adopt the reasoning set forth in *Courville v. Nat'l Freight, Inc.*, No. CV 09-136, 2012 WL 12986492, at *3 (M.D. La. Jan. 31, 2012), without explanation. ECF No. 32 at 5. In any other circumstance, Plaintiffs' arguments would be considered waived due to inadequate briefing. *See Heritagemark, LLC v. Unum Life Ins. Co. of Am.*, No. 4:22-CV-04513, 2024 WL 1078301, at *10 (S.D. Tex. Feb. 8, 2024). The *Scarborough-Graham* Plaintiffs likewise fail to address the standards for a Rule 12(f) motion to strike and simply copy-paste their previously raised arguments. *See* ECF No. 33 at 3-5. Regardless, because RLC bears the burden as the moving party, failure to satisfy that burden is fatal.

5

are unavailable here as a matter of Louisiana law,[7] RLC's motions are silent on any potential prejudice. *See Washington*, 2021 WL 229653, at *1 ("If the movant fails to make a showing of sufficient prejudice, the motion to strike must be denied . . . ."). Nor does RLC squarely direct the Court to which parts of Plaintiffs' complaints are allegedly immaterial and should be stricken. *See* ECF No. 30 at 5 ("all references"). Instead, it is readily apparent that what RLC seeks is partial summary judgment or dismissal of Plaintiffs' claims for punitive damages.[8] This is an improper use of a Rule 12(f) motion to strike. *See Merrell*, 2024 WL 640013, at *7; 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1380 (3d ed.) (Feb. 2024 update) (noting Rule 12(f) "is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint" and collecting cases).

---

[7] RLC argues that Louisiana law applies pursuant to the Outer Continental Shelf Lands Act, which incorporates the law of the adjoining state where a helicopter crash occurs on an oil platform. ECF No. 30 at 2 (citing *Alleman v. Omni Energy Servs. Corp.*, 580 F.3d 280, 286 (5th Cir. 2009)). Plaintiffs do not dispute the application of Louisiana law under these facts. However, as explained below, RLC's interpretation of Louisiana law on the availability of punitive damages is incorrect.

[8] RLC's reliance on *Simien v. C. R. Bard, Inc.*, No. 1:20-CV-131, 2020 WL 4922331, at *12-13 (E.D. Tex. Aug. 20, 2020), is misplaced for several reasons. First, *Simien* does not set forth the full two-part test. *Id.* at *13 (citing *Veranda Associates, L.P. v. Hooper*, 496 Fed. App'x 455, 458 (5th Cir. 2012). RLC's failure to allege any prejudice likely stems from this oversight. *See Augustus*, 306 F.2d at 868 ("[W]hen there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." (footnote omitted)). Second, *Simien* dealt primarily with a motion to dismiss—striking the pleadings was requested in the alternative. *See* 2020 WL 4922331, at *1. Because the district court dismissed the only claims that could have supported punitive damages under any factual scenario, the court struck the claim for punitive damages. *Id.* at *13. Whereas here, RLC has not moved to dismiss and has not attempted to meet the standards for a motion to dismiss.

## C. RLC's Legal Arguments on Disputed Issues of Fact Is Fatal to the Motion to Strike.

While RLC's failure to allege *any* prejudice is fatal to its motions to strike, RLC also fails to satisfy the first prong of the test, *i.e.*, that the allegedly prejudicial matter "can have no possible bearing upon the subject matter of the litigation." *Idar*, 2010 WL 3702579, at *3. Under the first prong, "[a] court must deny the motion to strike if it involves a disputed question of fact." *Chicca*, 2012 WL 651776, at *1. If there is any doubt surrounding issues of fact or law, then "the motion to strike under Rule 12(f) should be denied and the sufficiency of the allegations left for further elaboration through discovery and adjudication by summary judgment or a trial on the merits." 5C WRIGHT & MILLER, *supra*, § 1382.

Even assuming Louisiana law applies, RLC's reliance on *Berg* is misplaced. That case addressed the question whether punitive damages may be assessed against a bar owner for serving alcohol to a minor who subsequently injures others while intoxicated. *Berg*, 786 So. 2d at 710. The Louisiana Supreme Court noted a split in the intermediate appellate courts, some of which upheld punitive damages against an intoxicated driver's employer under vicarious liability. *Id.* at 717 (citing *Lacoste v. Crochet*, 751 So. 2d 998 (La. App. 2000); *Curtis v. Rome*, 735 So. 2d 822 (La. App. 1999), *writ denied sub nom. Rambo v. Rome*, 748 So. 2d 441 (La. 1999)). In holding that punitive damages were unavailable under the specific facts in *Berg*, the court clarified that it "express[es] no view on whether punitive damages can be

7

imposed against a party who is vicariously liable for general damages resulting from the conduct of an intoxicated person, such as an employer." *Id.* at 718 & n.6.[9]

In other words, *Berg* explicitly *did not* preclude punitive damages against an employer under a theory of vicarious liability. A review of subsequent cases indicates that this issue turns on the language of Louisiana's vicarious liability law:

> Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
> . . .
> In the above cases, responsibility only attaches, when the masters or employers . . . *might have prevented the act* which caused the damage, and have not done it.

LA. CIV. CODE art. 2320 (emphasis added). Louisiana courts post-*Berg* have thus reasoned that employers may be liable for punitive damages "where the evidence shows that the employer contributed to or might have prevented the employee from driving while intoxicated." *Landry v. Nat'l Union Fire Ins. Co. of Pittsburg*, 289 So. 3d 177, 184 (La. App. 2019), *writ denied*, 370 So. 3d 736 (La. 2020). Even the cases RLC cites in support recognize that punitive damages are only unavailable "where there has been no allegation []or any showing made that [the employer] in any

---

[9] The Louisiana Supreme Court subsequently reiterated its "policy of strict construction of punitive statutes" in *Ross v. Conoco, Inc.*, 828 So. 2d 546, 555 (La. 2002). *Ross* held that punitive damages for recklessly storing hazardous chemicals may not be extended to alleged co-conspirators. *Id.* at 557. In passing, the court summarized the *Berg* opinion as reaching the conclusion that Article 2315.4 "does not allow the imposition of punitive damages against persons who have allegedly contributed to the driver's intoxication." *Id.* at 554. Although RLC relies on the *Ross* court's rough characterization of *Berg* in support, ECF No. 30 at 4, that statement in *Ross* is nonbinding dicta.

manner contributed to [the employee's] intoxication." *Romero v. Clarendon Am. Ins. Co.*, 54 So. 3d 789, 794 (La. App. 2010), *writ denied*, 62 So. 3d 96 (La. 2011); *see also* ECF No. 31 at 7 (discussing *Romero*).[10] Based on those same cases, federal courts in the Eastern District of Louisiana "have consistently held where there is no evidence that the employer contributed to the intoxication of the employee any claim for punitive damages is futile." *Blewster v. Garvey*, No. CV 19-11914, 2020 WL 12740544, at *12 (E.D. La. Sept. 23, 2020) (collecting cases). The Court sees no reason why it should depart from that practice here.[11]

Accordingly, because Louisiana law *does* permit punitive damages against employers under certain factual circumstances, RLC cannot establish as a matter of law that Plaintiffs' claims for punitive damages can have "no possible relation to the controversy." *Coney*, 689 F.3d at 379 (quotation omitted). Here, Plaintiffs allege that RLC "[c]ontributed to or might have prevented" the accident. ECF No. 26 ¶ 13;

---

[10] RLC cites another Louisiana case, ECF No. 31 at 7, but that case did not involve intoxicated driving, *see Gillespie v. Calcasieu Par. Sch. Bd.*, 179 So. 3d 966, 970-71 (La. App. 2015), *writ denied*, 187 So. 3d 470 (La. 2016) (affirming dismissal of punitive damages claims against school board for teacher's lewd communications with student). Nor is *Gillespie* at odds with the other cases, as the plaintiffs alleged no harmful "conduct by the School Board itself." *Id.* at 970.

[11] Although RLC relies on *Jones v. Travelers Indem. Co.*, No. 6:18-CV-00946, 2021 WL 54128 (W.D. La. Jan. 6, 2021), that case is inapposite, as punitive damages were unavailable because the claims were "based upon vicarious liability only" and there were no allegations of "any other independent acts of negligence or fault, on the part of the alleged employers." *Id.* at *1. The other federal cases RLC cites in support all predate *Landry*. *See* ECF Nos. 30 at 5; 31 at 8. Even if the Court theoretically has greater leeway to reject intermediate state court decisions under the Outer Continental Shelf Lands Act, *see Knapp v. Chevron USA, Inc.*, 781 F.2d 1123, 1129 (5th Cir. 1986), RLC offers no rationale for rejecting *Blewster*'s restatement of Louisiana law.

*Bankston*, 4:23-cv-04183, ECF No. 39-2 ¶ 14.[12] Whether RLC contributed to or failed to prevent the pilot's intoxication—or whether the pilot was even intoxicated at all—are disputed questions of fact.[13] Such fact disputes must be resolved through discovery and expert testimony, not a motion to strike. *See Chicca*, 2012 WL 651776, at *1. Accordingly, RLC's motions to strike are denied.

### Conclusion

Therefore, RLC's motions to strike, ECF Nos. 30, 31, are **DENIED**. RLC shall file its answers to Plaintiffs' amended complaints by no later than **14 days** from the date of this Order.

**IT IS SO ORDERED.**

Signed on July 15, 2024, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**

---

[12] Because the Court must accept all factual allegations as true on a motion to dismiss, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), even if RLC could reraise its arguments in a Rule 12(b)(6) motion to dismiss for failure to state a claim, it would be futile.

[13] RLC concedes that ethanol was detected in the pilot's autopsy; but RLC then speculates about other possible sources of the ethanol, such as the decomposition process for bodies recovered from water. ECF No. 31 at 4 n.5. RLC's arguments are improper in a Rule 12(f) motion to strike and only establish that there are fact issues that must be resolved on summary judgment or at trial. Furthermore, RLC makes no effort to explain how the Court may consider the NTSB preliminary report, ECF Nos. 30-1, 31-1, at this stage in the pleadings, when the law precludes any such consideration. *See* 49 U.S.C. § 1154(b) ("No part of a report of the Board, related to an accident or an investigation of an accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in the report.").