United States District Court
Southern District of Texas
**ENTERED**
March 13, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LACY SCARBOROUGH, Individually and as Representative of the Estate of DAVID SCARBOROUGH, and as Next of S.C.S., a Minor Child,<br>  *Plaintiff*,<br><br>v.<br><br>ROTOCRAFT LEASING COMPANY, LLC and WALTER OIL & GAS CORPORATION,<br>  *Defendants*. | § § § § § § § § § § § § § § § § | Case No. 4:23-cv-01519<br><br><br><br><br><br>CONSOLIDATED WITH |
| WENDY GRAHAM, Individually and as Representative of the Estate of TIMOTHY WADE GRAHAM, CADE GRAHAM, Individually and as Representative of the Estate of TIMOTHY WADE GRAHAM, and LINDSEY GRAHAM LAFFERTY Individually,<br>  *Plaintiffs*,<br><br>v.<br><br>ROTOCRAFT LEASING COMPANY, LLC and WALTER OIL & GAS CORPORATION,<br>  *Defendants*. | § § § § § § § § § § § § § § § § § § § § § | Case No. 4:23-cv-02851<br><br><br><br><br><br>CONSOLIDATED WITH |

| | | |
|---|---|---|
| BRIDGET BANKSTON, et al.,<br>*Plaintiff*<br><br>v.<br><br>ROTOCRAFT LEASING CO., LLC | § §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:23-cv-04183 |

## ORDER[1]

Before the Court is Louisiana Workers' Compensation Corporation's ("LWCC") unopposed motion for leave to file an intervention. ECF No. 59. Because the Court finds that LWCC has not met the requirements for intervention at this time, the motion is denied.

## I.     INTERVENTION STANDARD.

Under Federal Rule of Civil Procedure 24(a), "[o]n timely motion, the court must permit anyone to intervene who…claims an interest relating to the property or transaction that is the subject of the action[ ] and is so situated that disposing of the

---

[1] The district judge to whom this case is assigned referred all pretrial proceedings to the undersigned. Referral Order, ECF No. 27. "The Fifth Circuit hasn't considered whether a motion to intervene is properly characterized as dispositive or non-dispositive. But every federal district court in Texas to do so has concluded that such motions are non[-]dispositive." *Doucet v. Boardwalk Pipelines LP*, No. 4:20-CV-01793, 2021 WL 3674974, at *1 (S.D. Tex. Feb. 23, 2021). *See also Lindsey v. ONEOK, Inc.*, No. MO19CV00284DCRCG, 2021 WL 2934503, at *1 (W.D. Tex. Mar. 12, 2021) ("The motion to intervene is a non-dispositive, pretrial matter."); *DOH Oil Co. v. QEP Res., Inc.*, No. MO:18-CV-152-DC, 2020 WL 7631502, at *3 n.2 (W.D. Tex. Mar. 19, 2020) (same); *S.E.C. v. Kornman*, No. 3:04-cv-1803L, 2006 WL 148733, at *2–5 (N.D. Tex. Jan. 18, 2006) (treating motion to intervene as non-dispositive and applying clear-error standard of review); *Tex. Tech. Inst., Inc. v. Silicon Valley, Inc.*, No. CV H-04-3349, 2005 WL 8169210, at *1 n.1 (S.D. Tex. Aug. 19, 2005) (same). "This conclusion is undoubtedly correct. A motion to intervene is a pretrial matter, and its resolution decides no issue of substance on the merits. It is thus within the statutory authority of matters that a magistrate judge may 'hear and determine.'" *Doucet*, 2021 WL 3674974, at *1 (quoting 28 U.S.C. § 636(b)(1)(A)).

action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a). Intervention as of right is warranted if:

> (1) the application for intervention [is] timely; (2) the applicant [has] an interest relating to the property or transaction which is the subject of the action; (3) the applicant [is] so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; [and] (4) the applicant's interest [is] inadequately represented by the existing parties to the suit.

*Rotstain v. Mendez*, 986 F.3d 931, 936–37 (5th Cir. 2021) (quoting *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978)). Where a party is not entitled to intervention as of right, the Court may allow permissive intervention if the prospective intervenor "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3).

## II.   LWCC IS NOT ENTITLED TO INTERVENTION AS OF RIGHT.

### A.   Timeliness of Intervention.

The first factor when evaluating entitlement to intervention as of right, whether a motion to intervene is timely, depends on four factors: "the length of time the movant waited to file, the prejudice to the existing parties from any delay, the prejudice to the movant if intervention is denied, and any unusual circumstances."

3

*Rotstain*, 986 F.3d at 937 (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–66 (5th Cir. 1977)).

"It is well established that the length of time to file is measured from the moment that the prospective intervenor knew that his interests would 'no longer be protected'" *United States ex rel Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 578 (5th Cir. 2023) (citing *Stallworth*, 558 F.2d at 264). "A nonparty movant's awareness of a case's existence says little about whether their interests are protected." *Id.* "Indeed, the need for intervention is not immediately apparent at the onset of litigation and encouraging premature action is not in the parties' or the court's interest." *Id.* (citing *Stallworth,* 558 F.2d at 264–65). However, here the motion for leave to intervene was filed less than a year after the complaint was filed, and courts have approved interventions filed more than a year after the case began. *Consol. Grain & Barge, Inc. v. Anny*, Civ. Action No. 11-2204, 2018 WL 1941788, at *2 (E.D. La. Apr. 25, 2018) (citing a Fifth Circuit case allowing such an intervention). Further, the motion is unopposed. *Gautreaux v. Warren Power & Mach., Inc.*, No. 6:22-CV-032-H, 2022 WL 22864821, at *2 (N.D. Tex. Nov. 22, 2022) ("Additionally, [Intervenor's] motion is unopposed.").

In addition, there is no indication that any delay would prejudice the existing parties. LWCC only seeks recovery of its lien and/or an offset against its future exposure to liability and therefore does not seek to litigate any issues in addition to

4

those the parties raised. ECF No. 59 ¶ 4; *see Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 566 (5th Cir. 2016) (holding intervenor's motion timely in part "because it did not seek to delay or reconsider phases of litigation that had already concluded" (internal citation omitted)). By contrast, LWCC may be prejudiced if intervention is denied, as it may be prevented from collecting what it paid in compensation and expenses. "Moreover, allowing intervention at this point in the proceedings will likely diminish future litigation over these funds." *Anny*, 2018 WL 1941788, at *2. Lastly, there are no unusual circumstances. Thus, the application for intervention is timely.

  **B.**  **Interest in the Subject Matter of the Litigation.**

"Insurers that seek to intervene to protect their subrogation interest in funds disbursed pursuant to a policy have an interest that is cognizable under Rule 24(a)(2)." *Gautreaux*, 2022 WL 22864821, at *2 (first citing *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1071 (5th Cir. 1970); then citing *Smith Petroleum Serv., Inc. v. Monsanto Chem. Co.*, 420 F.2d 1103, 1115 (5th Cir. 1970)). LWCC evidently has an interest in the property related to the subject matter of the litigation, having paid, as Plaintiff's compensation carrier, "compensation benefits, funeral and related expenses…to and on behalf of plaintiffs at the time of the filing of this litigation" due to the fatal injuries Robert Bankston, David Scarborough, and Timothy Graham received, and for which Plaintiffs are suing. ECF No. 59-2 at 2–3.

### C. Impairment of Ability to Protect Interest and Adequacy of Representation by the Parties.

LWCC alleges, with respect to inadequacy of representation by the parties, that "[t]he plaintiffs have no interest in assisting [LWCC] in recovering any funds or creating any offset for its future exposure as such actions might reduce the plaintiffs' tort recovery herein and/or his future receipt of longshore benefits," and "the defendants have no interest in protecting [LWCC] because the existence of an additional party seeking recovery or offset could potentially require a settlement higher than the defendant wishes to pay or result in a judgment in excess of what defendants would have had to pay to the plaintiff alone." *Id.* at 5–6.

In *Davis v. Union Pac Pc. R.R. Co.*, the prospective intervenor, a subrogee, argued that the plaintiff could refuse to reimburse it and that, therefore, additional litigation would be required. Civ. Action No. B: 12–212, 2015 WL 12777181, at *4 (S.D. Tex. Aug. 6, 2015), *adopted as modified*, 2015 WL 12768686 (S.D. Tex. Aug. 21, 2015) (denying intervenor's motion to intervene without prejudice to refiling). The court held, however, that there was no evidence in the record that the plaintiff had or planned "to commit any of the proffered acts or any similar acts. At best, these argued examples are hypothetical—and hypothetical acts are not sufficient to demonstrate that [Plaintiff] will not adequately represent [Intervenor's] interests." *Id.* The court further noted that, "[i]f at some later date, the interests of [Plaintiff] and [Intervenor] diverge, [Intervenor] is not precluded from seeking to intervene at

that time" because "a party may move to intervene even after the conclusion of a jury trial and verdict." *Id.* (citing *McDonald*, 430 F.2d at 1072-73). Therefore, LWCC has not shown Plaintiff does not adequately represent its interests or that it cannot adequately protect its interest by filing a subsequent lawsuit.[2]

Therefore, LWCC is not entitled to intervene as of right.

### III.    LWCC MAY NOT PERMISSIVELY INTERVENE.

Although permissive intervention is appropriate when the intervention request is timely, the intervenor's claim and the main action share a question of law or fact, and intervention will not unduly delay or prejudice the original parties, *Davis*, 2015 WL 12777181, at *5 (citing *Edwards v. City of Hous.*, 78 F.3d 983, 999 (5th Cir. 1996)), the Court "must also consider 'whether the intervenors are adequately represented by other parties' when making its determination." *Id.* (quoting *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989)).

Thus, "[e]ven if the Court assumes that [LWCC] has met all of the

---

[2] LWCC argued, with respect to the fourth factor, that the outcome of not allowing it to intervene could be that the disposition of the matter "could dramatically affect the amount of future benefits the employer/carrier would be required to pay under the [Longshore and Harbor Workers' Compensation Act ("LHWCA")] as well as the employer/carrier's obligations vis-à-vis the injured worker." Further, LWCC argues, since its consent to any settlement "is necessary for the claimant to preserve any right he may have for future benefits under the LHWCA, LWCC's inability to intervene means that it "will not be in any position to know whether or not they should consent to a proposed settlement…" Nonetheless, LWCC is not prevented from bringing a separate lawsuit as subrogee of Plaintiffs. *Davis*, 2015 WL 12777181, at *4; *Gautreax*, 2022 WL 22864821, at *3.

requirements for permissive intervention…the motion still fails. As with intervention of right—because [Plaintiff] and [LWCC] share a common interest—it appears, currently, that [Plaintiff] will adequately represent [LWCC's] interest in maximizing…recovery. Given this fact, [LWCC's] presence in this lawsuit is presently unnecessary." *Id.* Therefore, LWCC is not entitled to permissively intervene.

Nonetheless, if the facts change such that Plaintiff and LWCC do not have the same ultimate interest, LWCC may renew its motion to intervene. *Id.*

## IV.   CONCLUSION

Therefore, LWCC's motion for leave to file an intervention, ECF No. 59, is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Signed on March 12, 2025, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**